Today is Murphy-Sims v. Owners Insurance Company, 18-1392. Thank you, Your Honor. Bradley Levine on behalf of the appellant, Lizetta Murphy-Sims. May it please the Court. Under Colorado law, insurance policies universally provide for an implied covenant of good faith and fair dealing. However, insurance policies are treated differently than commercial policies. Because of the special relationship between the insured and the insurance company, what the courts in Colorado have found is that the implied covenant of good faith and fair dealing gives rise to a separate, distinct claim in tort, separate and apart from the contract claim. What the courts have said is that that separate claim is one which is, the parameters of what that duty involves are outside the terms of the contract itself. It provides that the insurance company, for example, needs to act reasonably in defending a case, settling a case, investigating a case. Does it require that the other side act reasonably and furnish them with the information that they request? Your Honor, there are duties under the policy, duties of cooperation. The question of whether or not there is what Your Honor is now talking about, which is potentially a reciprocal duty of good faith, is one which really hasn't been firmly decided by the appellate courts in Colorado. But the answer is yes, there are duties that are set forth in the policy itself, like I say, for cooperation. But the important point here is that you can have a claim under, for breach of contract, and of course then you're looking at what the terms and conditions of that contract are. But with respect to a bad faith claim, those duties are separate. They're outside, they're distinct from the claims. As to your breach of contract claim, if I could ask, is the kernel of the alleged breach, in other words, the conduct that constituted the breach, was it the failure to tender the policy limits within the 30-day periods after the demand? Well, our position, Your Honor, is that the claim is not confined just to that 30-day time frame. But it is a failure on the part of the insurance company. That's what the jury instruction said, right? That is what the jury instruction ultimately said, and of course... That's what the jury was called upon to decide, right? Correct, with respect to the breach of contract claim. The problem here, though, is that what, under instruction number 12, what the court said is that unless you find, you have to find that there was a breach of contract as a predicate before you could consider whether or not there is a violation of the obligations of good faith and fair deal. I assume that's where you're going, but if it is, in fact, the case that the essence of the breach of contract is the failure to tender the full policy limits within the 30-days, I don't question for a moment that Colorado tort would conceivably contemplate a whole array of things other than that, okay? Other conduct that would be unreasonable by the insurer. But it seems to me the question is whether, in this case, you have created a terminus with the breach of contract. And if that's the case, then the breach of contract, if there is no breach of contract, there is no bad faith tort. I mean, that is, if you look at your pre-trial order, I don't see anything else except for the failure to tender within the 30-days. But, Your Honor, I appreciate it. When you talk about, as far as when you talk about a theory, and you're talking about time frames, and you're talking about facts, you have to look at the obligations and what the nature of those tort obligations are. We've got a case called Dunn v. American Family, a court of appeals case from 2010, where the court of appeals in Colorado said that Colorado recognizes the viability of a claim of bad faith even if the expressed terms of the contract have been honored by the insurer. That doesn't answer the question. Do you not accept the premise that you could define the contours of your bad faith claim? Cannot a litigant do that? In other words, can a litigant say, this is what I'm alleging in this case, Your Honor, to be the essence of bad faith. These four acts. That's it. Sure. Okay. If you accept that premise, then where in the pre-trial order is there any basis in the allegation of bad faith other than the exact thing that you claim is the essence of your breach of contract claim? Your Honor, so what we're talking about is if we accept the notion, as you say, under the pre-trial order, if we accept the notion that what you're talking about is that 30-day time frame, the difficulty is, and what really sort of highlights it, is that defense counsel, Mr. Giametti, in his closing argument, got up in front of the jury and said that because of the terms of the contract, it says that the duty, our responsibility to either defend or settle is discretionary. In other words, it's up to us. And he emphasized the discretionary nature of it. The difficulty is that as far as the bad faith claim, is that that's not a discretionary duty. Well, whatever he argued in closing argument doesn't affect what the jury instructions said. And the jury instructions were tracked. What you said was the kernel of your breach of contract claim, which was failure to tender the policy limits within the 30 days. But again, that's, Your Honor, what we're talking about, the difference has to do with whether or not we're talking about the factual predicates. Okay. So even if we accept that notion that all we're talking about is that 30-day time frame, okay, the problem has to do with the legal duties. In other words, and that's what the Dunn case, that's what the Goodson case, that's what these cases talk about is, is that you can comply with the contract. Here it is. It says it's discretionary. It's up to you. And that's what counsel emphasized. And that's what, again, instruction number 12 allowed him to say. I guess, and this is where you can correct me. Sure. Whatever counsel says ultimately is irrelevant if it is not the law. The law is what the law is. I agree with that. And so if the law, as charged to the jury, said that the essence, if you find, this is what you need to find in order to determine there was a breach of contract, that they put the essence of it going towards the question of failing to tender policy limits within the 30 days. You are asked, jury, would that have happened? And if they said no, whatever he says really doesn't matter if it goes towards the essence of the breach of contract because the court, the jury knows what they're supposed to be looking at, right? We presume they do. Sure. But here's, again, here's the difficulty, Your Honor. Yes, I want to understand. What's the difficulty? Sure. And that is that you talked about what, as far as what the law is, is that you can have acts, and that's what the Dunn case, what these other cases talk about. You can have the same act, the failure to have tendered this money, right, to have settled this case within the 30-day time frame if we're going to accept that as the factual predicate that we're talking about. If you're saying is that it's just up to you, insurance company. That's what the insurance company, that's what owners did, is reserve under its policy the right to be able to do that. The obligations of good faith and fair dealing have different parameters. What they say is that you have to act reasonably in assessing, you have to act reasonably in evaluating, you have to communicate to your insured. That's what our bad faith expert talked about. Okay, then let me ask you this. Sure. Where, either in the pretrial order or in any other pleading, would there be a statement of the conduct that you allege to be the basis for bad faith apart from the breach of contract claim, apart from the failure to tender within the 30 days? If there's other conduct that you wanted the jury to be aware of to form the predicate for a bad faith claim, you had to give it to us, right? Well, Your Honor, that's where, and I respectfully disagree, I don't think we have, again, you can have the same conduct, you could be looking at exactly the same conduct, but have that legal parameters of it could be compliant with the contract. This contract says, it's just, he said it was discretionary, right? As we deem appropriate is what the policy says, but it could be a violative of the... Counsel, you're not answering Judge Holmes' question. What is the conduct? Not what could it be, or out there someplace in Netherlands, what was the conduct that was bad in bad faith? Your Honor, the conduct was a whole myriad of things, it had to do with... Well, what was it? Tell me what it was. Sure, it was the failure to settle within that time frame. Mr. Fragmulemore talked about in his expert testimony, he talked about the requirement that you go up the ladder, that they should have communicated with people internally within the company as far as this demand goes. They should have told their, they're insured that there was this policy limit demand. They should have sent what he called an excess letter. There were all these parameters of common law, of regulatory law, of industry standards that have to do with as far as a bad faith claim, and that's separate and apart, it's distinct. It's all part of the same package. Your Honor, the package here, what we're talking about is we've got insurance policy that have distinct duties. I mean, they talk about that we have this, again, discretionary authority. That has nothing to do with, and when I say nothing to do with, you've got these extra contractual, and that's what they are. They're extra contractual responsibilities. So what we're talking about is the duties, the tort duties that are separate and apart. As an example, you can have... Go ahead and finish. I mean, just as one example, I mean, you could have, let's say, if somebody goes in and they sign a contract to have some medical treatment done, that somebody could comply with that treatment. In other words, they can render the treatment, but if that treatment falls below the standard, there may be a medical malpractice claim. Let me follow up, because I think there may be a little bit of a disconnect. I don't hear Judge Holmes or Judge Kelly suggesting anything contrary to the basic principle that you're espousing, and that is that there can be extra contractual duties that give rise to a claim for breach of the implied covenant of good The question in this case, as I see it, is that the district judge said that these extra contractual theories, for example, a failure to send an excess letter, a failure to settle within a reasonable time frame, are all outside the theories that are set forth in the final pretrial order, and that the district judge is, we typically would apply an abusive discretion standard to the district judge's interpretation of his or her own final pretrial order. So what's wrong with that thinking? In other words, that there can theoretically be extra contractual duties that give rise to a bad faith claim, even if there's no breach of contract, but the problem is that those are not in the final pretrial order as the district judge understood it. What's wrong with that? Your Honor, again, we're talking about a couple different things. I would beg to say that in the final pretrial order, it was very explicit in terms of that we're setting forth claims both for breach of contract and the bad faith breach. The parameters in terms of getting into the whole details, those are all based upon the evidence that came out during trial, the expert testimony, and so on. So there can be an amendment of the final pretrial order by virtue of the way that it was tried, but is there anything in the final pretrial order that would support a bad faith claim for some duty outside the contract? Sure. You referred in your brief, I think, your opening reply brief to the merger clause. Well, not just that, Your Honor. The merger clause just simply has to do with in terms of the conduct that was alleged in the complaint. Well, I'm talking about that you argued in your brief that the theories in the complaint were merged into the final pretrial order. Sure. What we talk about is, you know, it says that auto owners was given the 30 days. They didn't do what they initiated. This is just a very, if you will, pared down explication of the facts that support the claims that were being made both for breach of contract as well as bad faith. There was not any attempt to sort of delineate the two to go into, okay, these are breach of contract, these are the responsibilities, because that's not what the pretrial order even calls for. The upshot of it, though, is that as far as whatever kinds of duties, what Judge Arguello did was that she fashioned an instruction, and it wasn't based, that was not based upon the PTO reading the PTO. The PTO only confined the factual basis for those, for that 30 day time frame. But this is a different issue. She basically accepted the notion that as long as you, if you don't have a breach of contract, you don't have a bad faith claim. And that's just not the law in the state of Colorado, as I explained during the charge economy. It can be. It can be. In a particular case. It can be, but you have to give that to the jury. You had a, your counsel, well, counsel, I don't know the connection, but Ms. Brown had a colloquy at a status conference below, and the court asked, okay, so is it all tied to time? And we're talking about the bad faith claim. And she said, correct, Your Honor, it is all tied to time. There was no suggestion that there was anything else but the failure to deliver within the 30 days. Sure. But that has to do with, again, the factual predicate. It does have to do with time, Your Honor. But how this has to do with duties, this has to do with the legal responsibilities and that this jury was not allowed to consider whether or not there were violations of these other extracontractual responsibilities merely because it found or it was told that as long as you complied with that contract, it had discretionary settlement responsibilities, that you couldn't even reach the bad faith claim. Your time is up. I will spot you an additional 30 seconds for rebuttal, but let's hear from the other side, please. And you don't have to take it, just. Good morning. May it please the court, my name is Gregory Giametti, and I represented the owner's insurance company throughout this entire case. It's our position that the district court correctly instructed the jury that it had to find four Ms. Murphy Sims on the breach of contract claim in order to consider the bad faith claim, because these two claims were inextricably intertwined as they were presented in this case, not in some hypothetical case, but in this particular case. The factual basis of the two claims as set forth in the final pretrial order, and even in the amended final pretrial order, was that the failure to settle within the 30 days of the February 21st, 2014 demand letter was the breach of contract and was the bad faith conduct. There is nothing else set forth in either the final pretrial order or the amended final pretrial order that defines what the bad faith and breach of contract claims are other than those two items. And as this court has made clear in numerous cases, the final pretrial order is what defines what goes to trial and what is decided by the jury at trial. And I think I'm pronouncing it correctly, the Monfor case that was decided by Judge Gorsuch, he specifically pointed out that the purpose of the final pretrial order is to whittle down the case to the essence of what is going to be tried to the jury. And in this particular case, it was the responsibility of Ms. Murphy Sims and her counsel to define what they wanted to present as their case. And what they presented as their case was that there was a breach of contract for failing to pay the policy limits within the 30 days of the February 21st demand letter. Let me ask you a question about disposition and how the disposition might look in this case. And I'm going to hear fully this argument out. I'm just going to pose a hypothetical here. Let's assume that we were to find, as I see it, there are like five issues in this case. There's a JMOL issue, there's this issue of linkage, whether the breach of contract, the court erred in saying that if you found breach of contract, you didn't have to reach bad faith. Then there's a bad faith instructional issue. There's an issue involving the allocation of the burden of proof on bad faith. And another issue, I think, related to the motion in limine, which also relates to the bad faith claim. If we were to find that the district court did not err on the JMOL issue and did not err on the linkage issue, that issue, the question of the conditionality, do we really have to reach any of those other issues? Because all of those other issues relate to bad faith, don't they? Yes, they do. And the answer to that question is no, I don't believe you have to. Because even if there were error in any of those other areas, it would all be harmless. Because the dispositive issue in this case, from the standpoint of how it was actually resolved, was that the jury did not find a breach of contract. And finding in favor of owners on the breach of contract issue, the jury didn't have to address any of the bad faith issues. And was therefore not called upon to do any sort of decision making as it relates to bad faith. And those other three issues relate to whether there would have been some skewing, improper skewing of the decision making on the bad faith claims. That is correct. So I think there's an interesting point raised by Ms. Murphy-Sims in the reply brief, which goes to the theoretical aspect of a bad faith claim. And they say on page 11 of the reply brief, quote, a bad faith claim for failure to settle cannot be predicated on a breach of contract claim because the implied extra contractual duty to settle exists precisely because the expressed terms of the insurance contract impose no such duty on the insurer. But what they're really arguing in making that argument is a hypothetical case that was not actually presented to the district court here. Because here in this case, in the pretrial order, of course, they asserted that the two claims were identical based on the same facts. And throughout the discussions with the parties and counsel, the district court recognized that Ms. Murphy-Sims' claims were that owners breached the contract and acted in bad faith by failing to settle within the 30-day time period. And interestingly, in discussing the breach of contract claim during the jury instruction conference, there were all sorts of, it was quite a long discussion, a lengthy discussion. It was. Mr. Levine conceded that, quote, the failure to tender the maximum amount within 30 days of the February 21, 2014 demand letter is one act of a breach of the contract. And that appears at the appellant's page 3843. And then on page 3847, as further discussions progressed, Mr. Levine stated, quote, so the premise here is that the failure to settle is a breach of the contract. And so they, not only did they set forth that theory in the final pretrial order, but Mr. Levine conceded that the breach of contract claim was the failure to settle, that that was part of the claim. Now, at that point, the point being that that would be coterminous with what they claimed to be the bad faith. Exactly. Can I, well, I don't want to interrupt where you're going, but let me just ask you a question about this, the claim of error related to the burden allocation, the question of damages for bad faith. And is there any it seemed to me that by reading the various documents, transcripts, passages, and relative to that issue, that the court was somewhat confused on how it wanted to do that. Because first it talked about the burden being on the plaintiff. Then it talked about the burden being on the defendant, IED DC 10. Then it had some status conference where essentially it did some Solomonic split the baby thing and said, I may have created error on both sides. Well, why didn't it create error? Because I mean, it seems to me that you can argue about whether it should have been the non-approach or the DC 10 approach, but it seems to me it should have been one of them, right? Well, getting back to the point that the court made earlier, though, if there were error, it would be harmless. I'm not talking about that now. I'm contemplating that we may not find that there's error, so. All right. So getting to that point, I think that really the case that is controlling here is the Nunn case. And in the Nunn case, the Supreme Court specifically held that it is the burden of the plaintiff in a case arising out of, in that case it was a stipulated judgment. But in the case of a pretrial resolution which is reached by agreement between the parties, that the burden remains upon the plaintiff to prove his or her damages. And that would be the word that turns on this, agreement of the parties. The argument would be under DC 10, that's a distinction with a difference. And then when you had an arbitrated judgment that that's not an agreement of the parties where there was nobody who had an agreement of the parties, that's where the judgment contours would be, right? Well, that was the, in the DC 10 case, if the court looks at that, there's very little explanation as to how the court reached that conclusion. It was just pretty much a conclusion that's stated. And in the DC 10 case, the court cited the Goodson case. And it cited a case out of, I think it's the Metcalf case out of Nebraska, for the proposition that the burden shifts to the insurance company to prove that the arbitration award was unreasonable. It's our position that the DC 10 case does not overturn or contradict or supersede the Nunn case. Well, it couldn't overturn Nunn. Nunn's a Colorado Supreme Court case. But the question then would be, what prediction do we have as to what Colorado law is? And it may well be that there are other jurisdictions that have adopted exactly the same view, that when you have an arbitrated judgment, that it has a layer of impartiality that you wouldn't have where parties agree on a settlement, right? Well, I think that the district court actually addressed that. It went backward and forward on that issue, did it not? It did. It did go backward and forward. But the district court fundamentally decided that the outcome of that arbitration was not binding upon owners. And that was the first major legal issue that was discussed in the case. Both sides filed motions for summary judgment, and the plaintiff was arguing that owners was bound by the outcome of the arbitration award. And the district court ultimately concluded, for a number of reasons, that owners was not bound. And so I think that the, I think we again go back to the issue of the Nunn case. And that is that Nunn held that in this type of situation, it's the burden of the plaintiff to prove his or her damages. And that's consistent with other Colorado law, such as the Goodson case. And so if this court were forced to predict whether or not the Colorado Supreme Court would follow the DC-10 case, I would suggest that the court wouldn't follow the DC-10 case, because it fundamentally contradicts Nunn and all the other precedent that the burden of proof of damages is on the plaintiff. That may be true, but the DC, Nunn talks about reasonableness of the judgment, right? And the plaintiff's obligation to prove the reasonableness of the judgment? That is true. Okay, well, the district court's Solomonic solution took the reasonableness of the judgment right out, didn't it? It did, but still... So it says, this is what I'm going to do. I may be creating error on both sides. Well, that's the point. I mean, it's not like the court chose between DC-10 and Nunn, it chose other. And why is other lawful? But in effect, the court was allowing the jury to decide if the jury ever got there. It was allowing the jury to decide the reasonableness of the arbitration award. Because the jury instruction, which was instruction number 15, stated that jury, the parties engaged in this arbitration, and the arbitration award was $1,301,270.97. And you are able to consider that as evidence of Ms. Murphy-Simms' damages. So there is a number that the jury is given, and they're told that they can consider that as the amount for damages. Then the court, I think, correctly allowed the owners to present evidence, and both sides presented evidence to show what Ms. Murphy-Simms' injuries and damages were. But the court correctly allowed owners to present evidence to show that, no, those really weren't her injuries and damages caused by the accident. This was a minor car accident. She had degenerative conditions. These injuries that were being claimed were not related to the accident. So you think the jury instruction that was actually given is a distinction with a difference from none, even though none would essentially, at least conceivably, what none contemplates is a target. It says here is the figure. The plaintiff has to prove this figure is reasonable. It's a target. It seems to me that's different than what the effect of the court's instruction would be, which would be to say, basically, it's up in the air. You can use this as one piece of evidence as to what the jury, what the damages are, but you, jury, can do whatever you want. But in none, the court specifically said that the, in that case it was a stipulated judgment, was only to be considered as evidence of the value of the claim. And it had no presumptive or binding effect. It used the word reasonable, though, didn't it? It did, but the, in essence, in this case, the instruction essentially encompassed everything that the none court directed. So it would be our position that there was no error in that. And just to go back to the final point I'd like to make in conjunction with my argument about this identity of the breach of contract claim and the bad faith claim, I think logically in this case, because the jury had to, they specifically alleged that it was a breach of contract to fail to pay the policy limits within the 30 days. If the jury, and apparently it did find that there was no breach of contract, it found there was no breach of contract, but a finding of no breach of contract meant that owners had no explicit obligation to do that, to pay that money. And logically it follows that if owners had no explicit obligation to do that, it can't have acted unreasonably by have failing to done something that it had no obligation to do in the first place. And so that's why the jury instruction was correct in these circumstances. Time's up. Thank you, Your Honor. The last statement by counsel discloses the real problem here, which is it's not logically, it's not a logical conclusion. And the reason is, is because counsel, pursuant to the terms of the contract, got up and said that the obligation to settle is discretionary. That's not true under bad faith law. And in fact, Your Honor, Judge Bachrach, in the Peden case, you specifically said that the duty of good faith requires the insurer to reasonably investigate an insurer's claim. And that's what we're talking about. It imposes all these tort duties. That's what the duty of good faith and fair dealing's all about. It's separate, it's distinct, that's what Goodson says, that's what the Dunn case says. Thank you. Thank you, Your Honor.